UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Heather Mary Christine Donnelly, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE COUNTY OF TIPTON, INDIANA, )<br>THE TIPTON COUNTY SHERIFF'S )<br>DEPTARTMENT, THE TIPTON COUNTY )<br>JAIL, John Moses, Matt Deckard, David)<br>Campell, Scott W. Bridge, Jeffery D. )<br>Letzinger, Travis Rhoades, and Steve )<br>Cox, Individually and in Their Official )<br>Capacities, and, Kurtis Montgomery, )<br>)<br>Defendants. ) | Cause No. 1:15-CV-1136 |

**COMPLAINT**

**I.   Introduction**

1. This action challenges Defendants' unreasonable searches, unreasonable seizures, unreasonable uses of force, false arrest, intentional infliction of emotional distress, assault, battery, negligent hiring, training and supervision, abuse of process, and illegal conspiracy to violate the civil rights of Plaintiff Heather Donnelly.

2. Defendants' actions, as complained of herein, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, enforced under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983; and under the laws of the State of Indiana.  Plaintiff seeks prejudgment interest, attorney fees, costs, compensatory damages, and punitive damages.

**II.   Jurisdiction**

3. Pursuant to 28 U.S.C. § 1331 and § 1343, this Court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims.

4. Pursuant to 28 U.S.C. § 1367, this Court has jurisdiction over Plaintiff's related state law claims of assault, battery, illegal conspiracy, false arrest, negligent hiring, training, and supervision, and intentional infliction of emotional distress.

5. Pursuant to 28 U.S.C. § 1391(b), this District is the proper venue.

### III. Parties

6. Plaintiff Heather Donnely was, at all relevant times, an adult citizen of the United States and citizen of the State of Indiana.

7. Defendant John Moses, was, at all relevant times, Sheriff of the Tipton County and Tipton County Jail, and the superior officer and policy maker for Tipton County, the Tipton County Sheriff's Department, and the Tipton County Jail.

8. Defendant Matt Deckard, was, at all relevant times, the Tipton County Jail Commander and policy maker for Tipton County, the Tipton County Sheriff's Department, the Tipton County Jail, and the superior officer of Tipton jailers, correction officers, and law enforcement officers.

9. Defendant David Campell, was, at all relevant times, a Major for the Tipton County Sheriff's Department and Tipton County Jail and a policy maker for Tipton County, the Tipton County Sheriff's Department, the Tipton County Jail, and the superior officer of Tipton jailers, correction officers, and law enforcement officers.

10. Defendant Scott W. Bridge, was, at all relevant times, a Tipton County Sheriff's Deputy.

11. Defendant Travis Rhoades, was, at all relevant times, a Tipton County Sheriff's Deputy.

12. Defendant Steve Cox, was, at all relevant times, a Sharpsville Town Marshall.

13. Defendant Jeffery D. Letzinger, was, at all relevant times, a Tipton County Jailer and correction officer.

14. At all relevant times, Defendants Moses, Deckard, Campell, Bridge, Rhoades, Cox, and Letzinger:  (a) acted within the scope of their employment;  (b) acted under the color of state law; and, (c) acted pursuant to the custom, policy, or practice of Tipton County, Indiana, Tipton County Sheriff's Department, and Tipton County Jail.

15. Defendants Tipton County, Indiana, Tipton County Sheriff's Department, and Tipton County Jail are governmental units within the State of Indiana, subject to the Constitution of the United States and are empowered to sue and be sued for the acts of their agents.

**16.** Defendant Kurtis Montgomery, was, at all relevant times, acting as a licensed bail bondsman in Tipton County, Indiana.

IV.   **Unconstitutional Policies of the Municipalities**

17. On July 23, 2013, Defendants Tipton County, Tipton County Sheriffs Department, and Tipton County Jail had customs, policies, and practices that violated the federal rights of United States citizens and that harmed Plaintiff, in that:

> a. These Defendants hired, supervised, and retained officers they knew were likely to violate the rights of citizens of the United States;

  b. These Defendants failed to properly train, investigate, discipline, or fire officers they knew were likely to violate the rights of citizens of the United States;

  c. These Defendants conspired with others:  (a) to illegally retaliate against citizens of the United States whose civil rights their officers had violated; (b) to cover up their police departments' unconstitutional conduct; and (c) to punish citizens of the United States for filing complaints against Titpon County, Tipton County Sheriffs Department, and Tipton County Jail;

  d. These Defendants refused to investigate allegations that their police department and jail abused the constitutional rights of United States citizens;

  e. These Defendants conspired with others to violate the constitutional rights of United States citizens by unreasonable searches, seizures, and uses of force; and,

  f. These Defendants conspired to illegally retaliate against United States citizens that complained about law enforcement misconduct.

## V. Operative Facts

18. On July 23, 2013, as Plaintiff drove through Tipton County, Indiana, Defendant Bridge pulled Plaintiff over without probable cause under the pretext that she was lost and that her license plate was not properly lit.

19. After Defendant Bridge pulled Plaintiff over, Defendants Bridge, Rhoades, Cox, and Letzinger viewed, touched, and confined her for their own sexual gratification.

20. Not only did theses Defendants, being armed, threaten Plaintiff with the loss of her freedom without probable cause, they also coerced her into performing acts for their own sexual gratification during her arrest that caused her severe emotional distress.

21. Defendants Bridge, Rhoades, Cox, and Letzinger knew or should have known that their fellow officers had no probable cause to stop Plaintiff and that their fellow officers had no reason to use any force against her to confine and mistreat her for their own sexual gratification, but failed to intervene to protect Plaintiff.

22. Defendant Montgomery, acting as a licensed bail bondsman, covered up the illegal acts of Bridge, Rhoades, Cox, and Letzinger and took Plaintiff's money as bail when no actual bail had been set or formal charges brought against Plaintiff.

23. The County of Tipton, Indiana, the Tipton County Sheriff's Department, and Tipton County Jail had a duty to supervise Defendants Moses, Deckard, Campell, Bridge, Letzinger, Rhoades, and Cox so as not to create a danger to the public, including Plaintiff, but failed to properly supervise these officers.

24. Defendants Moses, Deckard, Campell, Bridge, Letzinger, Rhoades, Cox and Montgomery, acted willfully, wantonly, oppressively, and with reckless disregard for Plaintiff's federally protected rights.

25. From July 23, 2013 to present, Defendants conspired to cover up the unreasonable searches, unreasonable seizures, and unreasonable uses of force described above and on or before July 23, 2013, conspired to cover up other substantially similar unreasonable searches, seizures, and uses of force that occurred in Tipton County. In order to further the conspiracy, they committed the following overt acts:

    a. Defendants lied to other law enforcement agencies, including the Federal Bureau of Investigation, during its investigation of the Defendants July 23, 2013 abuse of the Plaintiff.

    b. Defendants refused to investigate the July 23, 2013 abuse of the Plaintiff.

      c.    Defendants Tipton County, Tipton County Sheriff's Department, and Tipton County Jail refused to discipline the individual defendants for their July 23, 2013 abuse of the Plaintiff.

26.    As a direct and proximate result of Defendants' outrageous conduct and unreasonable uses of excessive force, unreasonable searches, and unreasonable seizures described above, Plaintiff suffered severe emotional distress, economic loss, and personal injury.

## VI. Legal Counts

### Count I:  Unreasonable Seizures

27.    Defendants Bridge, Rhoades, Cox, and Letzinger unreasonably stopped and confined Plaintiff without probable cause that Plaintiff had committed any infraction, misdemeanor, or felony worthy of the illegal punishment they gave her.

### Count II:  Unreasonable Searches

28.    Defendants Bridge, Rhoades, Cox, and Letzinger unreasonably searched Plaintiff without probable cause that Plaintiff had committed any infraction, misdemeanor, or felony worthy of the illegal punishment they gave her.

### Count III:  Unreasonable Uses of Force

29.    Defendants Defendants Bridge, Rhoades, Cox, and Letzinger used unreasonable force against Plaintiff when they stopped, confined, viewed, and touched her physically for their own sexual gratification.

### Count IV:  1983 Conspiracy

30.    Defendants agreed with each other to cover up the unreasonable seizures, searches, and uses of force against Plaintiff when she complained about her abuse and the excessive uses of force and each of them committed at least one overt act to further the conspiracy.

### Count V:  Government Unit Liability

31.    Defendants County of Tipton, Indiana, Tipton County Sheriff's Department, and Tipton County Jail are liable for the unreasonable searches, seizures, and uses of force described herein because their illegal customs, policies, and practices caused the constitutional violations that harmed Plaintiff.

### Count VI:  Assault and Battery

32.    When Defendants Bridge, Rhoades, Cox, and Letzinger stopped, confined, viewed, and touched her physically for their own sexual gratification, while armed and in uniform, they created in Plaintiff the imminent fear of bodily harm and touched her in a sexual manner that caused her personal injury.

### Count VII:  Intentional Infliction of Emotional Distress

33.    Defendants Bridge, Rhoades, Cox, and Letzinger's conduct as described above: (a) was extreme and outrageous; (b) was intended to inflict severe emotional distress on Plaintiff; and c) caused Plaintiff severe emotional distress.

### Count VIII:  Illegal Conspiracy

34.    All of Defendants agreed with each other to illegally cover up the assault, battery, and other torts and their abuse against the Plaintiff and each defendant committed at least one overt act to further the conspiracy as described above.

### Count IX:  Respondeat Superior

35.    Defendants County of Tipton, Indiana, Tipton County Sheriff's Department, and Tipton County Jail are liable for the assault and battery, intentional infliction of emotional distress, abuse of process, false imprisonment,

negligent hiring, training, and supervision of their agents under the theory of *respondeat superior*.

### VII. Prayer for Relief

WHEREFORE, Plaintiff requests that the Court:

A. Award Plaintiff compensatory damages in an amount to be proven at trial;

B. Award Plaintiff punitive damages against the non-municipal defendants in an amount to be proven at trial;

C. Award Plaintiff attorney fees, costs, and prejudgment interest pursuant to 42 U.S.C. § 1988; and

D. Award Plaintiff all other just and equitable relief.

### VIII. Jury Demand

Plaintiff, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, hereby demands trial by jury on all of his Counts.


/s/ Blake N. Dahl

Blake N. Dahl    30576-64
BMO-Harris Bank Building Suite One
750 South Washington Street
Valparaiso, IN 46383
T: 219-462-2460
F: 866-462-6197
bdahl@fwgpc.com