# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| HEATHER MARY CHRISTINE DONNELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.: 1:15-cv-01136-TWP-MJD |
| ) | |
| TIPTON COUNTY SHERIFF'S DEPARTMENT, ) | |
| TIPTON COUNTY, INDIANA, ) | |
| JOHN MOSES, CURTIS MONTGOMERY, ) | |
| MATTHEW DECKARD, DAVID CAMPBELL, ) | |
| SCOTT E. BRIDGE, JEFFERY D. LETZINER, ) | |
| TRAVIS RHOADES, STEVE COX, and ) | |
| TIPTCON COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND JURY DEMAND

Defendants, Tipton County Sheriff's Department, Tipton County, Indiana, Matthew Deckard, Scott E. Bridge, Jeffery D. Letzinger, and Tipton County Jail,[1] by counsel, Matthew L. Hinkle and Brandi A. Gibson, for their Answer to Plaintiff's Complaint, state as follows:

### I. Introduction

1. Statements and/or assertions contained in rhetorical paragraph 1 are introductory in nature and are not averments of a claim or claims against the Defendants and, therefore, not susceptible to admission or denial. To the extent any statements may be read otherwise, Defendants deny all assertions that they violated Plaintiff's rights or caused her to suffer any deprivation.

---

[1] As indicated in Defendants' Notice of Initial Extension of Time [Doc. 8], Curtis Montgomery, John Moses, David Campbell, and Travis Rhoades have not been served. Notwithstanding this lack of service and without waiving any jurisdictional defenses, undersigned counsel entered their appearances for Curtis Montgomery, John Moses, David Campbell, and Travis Rhoades.

2. The statements and/or assertions contained in rhetorical paragraph 2 are jurisdictional in nature and not averments of a claim or claims against Defendants. To the extent the assertions may be read otherwise, Defendants deny all assertions that they violated Plaintiff's rights or caused her to suffer any deprivation.

## II. Jurisdiction

3. Defendants admit the Court has subject matter jurisdiction over any federal question presented in this matter.

4. Defendants admit the Court has supplemental jurisdiction to hear associated state law claims.

5. Defendants admit venue is proper.

## III. Parties

6. Defendants are without sufficient information to either admit or deny the material allegations in paragraph 6 of Plaintiff's Complaint.

7. Defendants admit that Defendant John Moses was the Sheriff of Tipton County on July 23, 2013. Defendants are without sufficient information to either admit or deny the remainder of the material allegations contained in rhetorical paragraph 7 of Plaintiff's Complaint.

8. Defendants admit that Defendant Matt Deckard is the Tipton County Jail Commander. Defendants are without sufficient information to either admit or deny the remainder of the material allegations contained in rhetorical paragraph 8 of Plaintiff's Complaint.

9. Defendants admit that Dave Campbell was a Major within the Tipton County Sheriff's Department on July 23, 2013. Defendants are without sufficient information to either admit or deny the remainder of the material allegations contained in rhetorical paragraph 9 of Plaintiff's Complaint.

10. Defendants admit that Defendant Scott W. Bridge was a reserve deputy for the Tipton County Sheriff's Department on July 23, 2013.

11. Defendants admit that Defendant Travis Rhoades was a deputy officer for the Tipton County Sheriff's Department on July 23, 2013.

12. Defendants are without information sufficient to either admit or deny the material allegations in paragraph 12 of Plaintiff's Complaint.

13. Defendants admit that Defendant Jeffrey D. Letzinger, is a correctional officer at the Tipton County Jail.

14. Defendants are without information sufficient to either admit or deny the material allegations in paragraph 14 of Plaintiff's Complaint. Defendants, however, deny that any act, omission, custom, policy or practice caused Plaintiff to suffer a deprivation under Federal or State law.

15. Defendants admit that Tipton County, Indiana through its Board of Commissioners is a political subdivision within the State of Indiana, but deny the remaining material allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the material allegations contained in rhetorical paragraph 16 of Plaintiff's Complaint.

### IV. Policies of the Municipalities

17. Defendants deny the material allegations contained in paragraph 17 of Plaintiff's Complaint.

## V. Operative Facts

18. Defendants admit that Defendant Bridge initiated a traffic stop of a vehicle that Plaintiff was operating on July 23, 2013, but deny the remaining material allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the material allegations in paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the material allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the material allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the material allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the material allegations in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the material allegations in paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the material allegations in paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the material allegations in paragraph 26 of Plaintiff's Complaint.

## VI. Legal Counts

27. Defendants deny the material allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the material allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the material allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the material allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the material allegations in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the material allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the material allegations in paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the material allegations in paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the material allegations in paragraph 35 of Plaintiff's Complaint.

Any allegations in Plaintiff's Complaint not specifically admitted or denied herein are hereby DENIED. Defendants reserve the right to amend their Answer as the discovery process continues.

WHEREFORE, Defendants, Tipton County Sheriff's Department, Tipton County, Indiana, Matthew Deckard, Scott E. Bridge, Jeffery D. Letzinger, and Tipton County Jail, by counsel, that judgment be entered herein in favor of Defendants and against Plaintiff; and that the Court grant Defendants all other just and proper relief in the premises.

Respectfully submitted,

**COOTS, HENKE & WHEELER, P.C.**

 /s/ Matthew L. Hinkle
Matthew L. Hinkle, #19396-29
Brandi A. Gibson, #26373-29

## JURY DEMAND

Defendants request trial by jury on all issues so triable.

Respectfully submitted,

**COOTS, HENKE & WHEELER, P.C.**

 /s/ Matthew L. Hinkle
Matthew L. Hinkle, #19396-29
Brandi A. Gibson, #26373-29
*Attorneys for Defendants, Tipton County Sheriff's Department, Tipton County, Indiana, John Moses, Curtis Montgomery, Matthew Deckard, Jeffery D. Letzinger, Tipton County Jail, et al.*

## AFFIRMATIVE DEFENSES

Without waiving any of the defenses set forth above, or any other defenses available at law or equity, Defendants, Tipton County Sheriff's Department, Tipton County, Indiana, Matthew Deckard, Scott E. Bridge, Jeffery D. Letzinger, and Tipton County Jail, by counsel, respectfully assert the following defenses to the allegations in the Complaint:

1. The Complaint fails to state a claim for which relief may be granted for the following non-inclusive reasons: it fails to state viable claims A. against entities that Plaintiff asserts entity liability under Monell; B. again non-suable entities; C. improperly plead federal claims.

2. The Tipton County Sheriff's Department and Tipton County Jail are not suable entities.

3. To the extent that Deckard, Bridge, Letzinger, or any other officers are sued in their individual capacities, they raise the defenses of qualified immunity, good faith, justification and necessity.

4. Plaintiff's rights, privileges and immunities secured under the Constitution or laws of the United States have not been violated by any alleged actions or inactions of the Defendants.

5. Defendants did not participate in any alleged deprivation of Plaintiff's constitutional rights.

6. Defendants were not deliberately indifferent to a serious risk of harm confronting the Plaintiff.

7. Plaintiff's claims are barred by failure of the Plaintiff to properly comply with the notice provisions of the Indiana Tort Claims Act.

8. As to Plaintiff's state law claims, Defendants assert all applicable immunities under Ind. Code § 34-13-3-3 including, but not limited to, Sec. 3(6), (7), (8) and (10).

9. Plaintiff has failed to mitigate her damages.

10. Defendants' alleged actions or omissions did not proximately cause Plaintiff's injuries and/or damages.

11. Defendants allege that to the extent Plaintiff's Complaint states a cause of action under state or federal law, Defendants expressly reserve all immunities and defenses to which they are entitled under the laws of the State of Indiana or the United States of America.

12. Defendants hereby reserve any and all rights they may raise as additional defenses as discovery in this cause continues and is ongoing.

WHEREFORE, Defendants, Tipton County Sheriff's Department, Tipton County, Indiana, Matthew Deckard, Scott E. Bridge, Jeffery D. Letzinger, and Tipton County Jail, by counsel, request that judgment be entered herein in favor of Defendants and against Plaintiff; and that the Court grant Defendants all other just and proper relief in the premises.

Respectfully submitted,

**COOTS, HENKE & WHEELER, P.C.**

 /s/ Matthew L. Hinkle
Matthew L. Hinkle, #19396-29
Brandi A. Gibson, #26373-29
*Attorneys for Defendants, Tipton County Sheriff's Department, Tipton County, Indiana, John Moses, Curtis Montgomery, Matthew Deckard, Jeffery D. Letzinger, Tipton County Jail, et al..*

## CERTIFICATE OF SERVICE

I hereby certify that on **September 11, 2015,** a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

Blake N. Dahl
**FRED W. GRADY & ASSOCIATES, P.C.**
bdahl@fwgpc.com

  /s/ Matthew L. Hinkle
Matthew L. Hinkle, #19396-29
Brandi A. Gibson, #26373-29


**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone
(317) 573-5385 – facsimile
Email: mhinkle@chwlaw.com
      bgibson@chwlaw.com

L:\HCC (Midwest Claims)\Donnelly v. Tipton Co. (11609.306)\Pleadings\Answer and Affirmative Defenses.docx