**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| HEATHER MARY CHRISTINE DONNELLY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 1:15-cv-01136-TWP-MJD<br>) |
| TIPTON COUNTY SHERIFF'S DEPARTMENT, *et al.* | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## CASE MANAGEMENT PLAN

**I.  Parties and Representatives**

    A.    Plaintiff: Heather Mary Christine Donnelly.

            Defendants: Tipton County, Indiana, Tipton County Sheriff's Department, Tipton County Jail, John Moses, Curtis Montgomery, Matthew Deckard, David Campbell, Scott E. Bridge, Jeffery D. Letzinger, Travis Rhoades, and Steve Cox.

    B.    For Plaintiff: Blake N. Dahl, Fred W. Grady & Associates, P.C., BMO-Harris Bank Building, 750 South Washington Street, Valparaiso, IN 46383, Tel: 219-462-2460, Fax: 866-462-6197; Email: Bdahl@fwgpc.com.

            For Defendants (except Steve Cox): Matthew L Hinkle and Brandi A. Gibson, Coots, Henke, and Wheeler, P.C., 255 East Carmel Dr., Carmel, IN 46032, Tel: 317-844-4693, Fax: 317-573- 5385; Email: mhinkle@chwlaw.com and bgibson@chwlaw.com.

    Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.  Jurisdiction and Statement of Claims**

    1.    The parties agree that: Pursuant to 28 U.S.C. § 1331 and § 1343, this Court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims. Pursuant to 28 U.S.C. § 1367, this Court has jurisdiction over Plaintiff's related state law claims of assault, battery, illegal conspiracy, false arrest, negligent hiring, training, and supervision, and intentional infliction of emotional distress. Pursuant to 28

U.S.C. § 1391(b), this District is the proper venue.

2. Plaintiff's Claims: Defendants stopped Plaintiff for an alleged traffic violation, but then sexually abused her during and after her arrest. Plaintiff claims damages for Defendants' unreasonable searches, seizures, and uses of force, false arrest, assault, battery, intentional infliction of emotional distress, abuse of process, negligent hiring, training and supervision and illegal conspiracy to violate her civil rights.

3. Defendants' Claims/Defenses: Defendant Scott Bridge initiated a traffic stop of a vehicle that Plaintiff was operating on July 23, 2013. Plaintiff was arrested for Driving While Suspended with Prior Conviction and was transported to the Tipton County Jail. Plaintiff was processed at the Jail and was released a few hours later after she posted bond. Defendants did not sexually abuse Plaintiff. The officers did not violate Plaintiff's Fourth Amendment rights because they had probable cause to arrest her and did not use excessive force. Defendants, in their individual capacities, are entitled to qualified immunity from Section 1983 liability. There was no policy, custom or practice of Tipton County that caused Plaintiff to suffer a constitutional deprivation or other harm.

4. On or before **May 13, 2016**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

### III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **November 9, 2015**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **November 16, 2015**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **November 23, 2015.**

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **December 18, 2015**.

E. Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **November 16, 2015**. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within **21 days after receipt of the demand**. The parties are instructed to email Magistrate Judge Dinsmore a copy of the settlement demand and response thereto to MJDinsmore@insd.uscourts.gov.

F. Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 15, 2016**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 15, 2016**.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **October 28, 2016**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **August 15, 2016**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony and counsel's certification that the witness has been interviewed and/or deposed.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI").</u> The parties believe that a substantial volume of ESI will not be produced in the case, and agree that the disclosure or discovery of ESI should be handled as follows:

   1. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner if discoverable under F.R.C.P. 26(b). If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by e-mail,

or by other electronic means in .pdf format. If the receiving party determines in good faith that a disclosure of a document in a printed or .pdf format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it in its native format. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure shall be made in a commercially reasonable manner assuming the party upon who the request has been made does not have an objection to the scope of the discovery and/or a protective order is not in place.

2. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (A) To the extent that the parties request files or copies of documents, photographs, videotapes, or digital images, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the requests; (B) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

3. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

4. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.     Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in  the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.     Defendants may seek summary judgment concerning qualified immunity, as well as any false arrest, unreasonable searches, seizures, and abuse of process claims.  Defendants, in their official capacities, may also seek summary judgment under 42 U.S.C. §1983 based on Monell v. Dept. of Soc. Services, 436 U.S. 658 (1978).

B.     Select the track that best suits this case:

   x    Track 2: Dispositive motions are expected and shall be filed by **June 3, 2016**; non-expert witness discovery and discovery relating to liability issues shall be completed by **May 6, 2016**; expert witness discovery and discovery relating to damages shall be completed by **October 14, 2016**.

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for protective order.

<u>Absent leave of court, and for good cause shown, all issues raised on summary  judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

V.   **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.**

VI.  **Trial Date**

The parties request a trial date in **March, 2017**. The trial is by **jury** and is anticipated to take **5 days**.

VII. **Referral to Magistrate Judge**

   **1.**   **Case**. At this time, all parties do consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

   2.   **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

   A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

   1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

   2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

   3.   Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

   1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

   2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

   3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

   4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.     Other Matters**

   /S/ Blake N. Dahl
Blake N. Dahl
FRED W. GRADY & ASSOCIATES, P.C.
BMO-Harris Bank Building Suite One
750 Valparaiso, IN 46383
T: 219-462-2460
F: 866-462-6197
bdahl@fwgpc.com
*Attorney for Plaintiff*

/s/ Brandi A. Gibson
Matthew L. Hinkle, #19396-29
Brandi A. Gibson, #26373-29
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone
(317) 573-5385 – facsimile
Email: mhinkle@chwlaw.com
       bgibson@chwlaw.com
*Attorneys for Defendants, Tipton County Sheriff's Department, Tipton County, Indiana, John Moses, Curtis Montgomery, Matthew Deckard, Jeffery D. Letzinger, Tipton County Jail, et al..*

***************************************************************************

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
| x | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM_____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (___)_____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (___)_____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **June 3, 2016**; non-expert witness discovery and discovery relating to liability issues shall be completed by **May 6, 2016** |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered as Amended.**

Dated: 02 OCT 2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.